# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

WENDY M. AYLWORTH,

Plaintiff,

v.

CITY OF WICHITA, KANSAS, et al.,

Defendants.

Case No. 26-1201-JWB-BGS

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Wendy Aylworth's Motion for Extension of Time to Serve Summons and Complaint (Doc. 4). Plaintiff requests a 90-day extension of the September 28, 2026 service deadline. For the reasons below, the motion is granted in part.

### I. Background

Plaintiff, proceeding pro se, filed this action on June 29, 2026, asserting claims under 42 U.S.C. § 1983 arising from code-enforcement activities at her property. She alleges that Defendants violated her rights under the First, Fourth, and Fourteenth Amendments through retaliatory enforcement, an unlawful search and seizure, and unequal treatment. *See* Doc. 1, at 3–8. Plaintiff paid the filing fee on July 1, 2026. Defendants have not been served or appeared.

On September 14, 2026, Plaintiff filed this motion seeking her first extension of the service deadline. She describes medical conditions that limit her ability to prepare filings, a sewer-line collapse that has disrupted daily life, and unsuccessful efforts to retain counsel. She also states that she is exploring disability accommodations and preparing an application to proceed in forma pauperis so that she may obtain service by the United States Marshals Service.

## II. Legal Standard

Rule 4(m) generally requires a plaintiff to serve each defendant within 90 days after filing the complaint. If the plaintiff shows good cause for failing to complete timely service, the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Even without good cause, the Court may grant a discretionary extension. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) (explaining the mandatory and discretionary grounds for extending the service deadline). A plaintiff's pro se status does not excuse compliance with Rule 4. *Espinoza*, 52 F.3d at 841.

## III. Analysis

Plaintiff has shown good cause for a limited extension. She explains that an autoimmune condition causes significant eye pain and restricts the computer time she can devote to preparing appropriate service documents, and that psychiatric conditions further impair her ability to manage the litigation. The sewer-line collapse has compounded those difficulties. *See* Doc. 4, at 1–2. These circumstances, together with her timely request and the absence of any prior extension, warrant additional time to arrange service.

But Plaintiff has not explained why an additional 90 days is necessary. Her efforts to retain counsel do not suspend her obligation to serve Defendants. A 45-day extension reasonably accommodates the difficulties she describes while allowing this case to proceed. Plaintiff should use that time to obtain the necessary summonses and arrange service. The Court is sympathetic to Plaintiff's medical conditions and the hardships she describes and will allow this extension. But Plaintiff remains responsible for diligently prosecuting this action, and the Court will not permit indefinite extensions based on those circumstances. Any further request for additional time must demonstrate good cause, describe Plaintiff's efforts to complete service, and explain why those efforts could not be completed within the extended deadline.

Plaintiff has also advised the Court that she intends to seek in forma pauperis status so she may obtain service by the United States Marshals. But Plaintiff has already paid the filing fee and need not obtain in forma pauperis status merely to request Marshal service. She may instead file a motion under Rule 4(c)(3) explaining why service by the United States Marshals Service is warranted. That rule permits the Court to order Marshal service for a plaintiff who is not proceeding in forma pauperis. *See Ellibee v. Manes*, No. 26-1202-DDC-BGS, 2026 WL 1978635, at *1 (D. Kan. July 9, 2026).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time to Serve Summons and Complaint (Doc. 4) is **GRANTED IN PART and DENIED IN PART**. The deadline to serve Defendants is extended by 45 days, to **November 12, 2026**. Plaintiff must complete service by that date and ensure that proof of service is filed as required by Rule 4(l).

**IT IS SO ORDERED**.

Dated September 15, 2026, at Wichita, Kansas.

/s/ Brooks Severson
Brooks G. Severson
United States Magistrate Judge