**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

WENDY M. AYLWORTH,

Plaintiff,

v.

CITY OF WICHITA, KANSAS, et al.,

Defendants.

Case No. 26-1201-JWB-BGS

**MEMORANDUM AND ORDER**

Plaintiff Wendy Aylworth moves for a second extension of time to serve the summons and complaint (Doc. 6). She seeks 49 additional days, through December 31, 2026. Although Plaintiff has not shown good cause for a second extension, the Court exercises its discretion to grant the motion and extends the service deadline through December 31, 2026.

## I. Background

Plaintiff, proceeding pro se, filed this civil rights action on June 29, 2026. She alleges that the City of Wichita, the Board of County Commissioners of Sedgwick County, and several code-enforcement personnel violated her constitutional rights during enforcement proceedings involving her property. *See* Doc. 1, at 1–4. On September 15, the Court granted in part Plaintiff's first motion for additional time, extending the service deadline by 45 days to November 12, 2026. The Court explained that any further request must describe Plaintiff's efforts to complete service and show why she could not do so by the extended deadline. *See* Doc. 5, at 2–3.

Plaintiff filed her second motion on November 5. She reports that what she initially believed was a break in one section of a sewer line will require replacing approximately 95 feet of two lines before the ground freezes. Her kitchen and laundry drains remain unusable, and plumbing in her only functioning bathroom has deteriorated. She explains that evaluating repair options has

taken up much of the limited screen time her eye condition permits and that the emergency has worsened her anxiety and disrupted her sleep. *See* Doc. 6, at 2–4.

## II. Legal Standard

Rule 4(m) generally requires a plaintiff to serve each defendant within 90 days after filing the complaint. If the plaintiff shows good cause for failing to serve within the time allowed, the court must extend the deadline. A plaintiff relying on good cause "must show meticulous efforts to comply with the rule." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). Even when good cause is absent, the court must consider whether to exercise its discretion to allow more time. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

## III. Analysis

The Court does not question the seriousness of Plaintiff's plumbing emergency or the limits her eye condition places on reading and screen use. Those circumstances supported the first extension. In granting it, however, the Court advised Plaintiff to use the additional time to obtain summonses and arrange service. The Court also advised her that any further request must describe her efforts and explain why she could not complete service. *See* Doc. 5, at 2–3.

Plaintiff reports that she researched whom to serve and gathered addresses. Those are useful first steps. But she does not report submitting summonses to the Clerk or attempting service on any named Defendant. Her motion explains why the repairs have taken more time than she expected and how her eye condition limits her screen time. It does not explain why, after gathering the addresses, she could not submit summonses for issuance. *See Arey v. Progressive Halcyon Ins. Corp.*, No. 05-2553-JWL, 2007 WL 1018798, at *2 (D. Kan. Apr. 3, 2007) (finding no good cause where the plaintiff cited a change of address and efforts to determine whom to serve but identified no attempt at service for eight months); *see also Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (affirming a finding of no good cause where, even accounting for time spent in inpatient

treatment, the plaintiff did not show diligence during the remaining time available for service). On this record, Plaintiff has not shown good cause for a second extension.

The Court nevertheless finds that the additional 49 days Plaintiff requests are warranted. Plaintiff sought relief before the current deadline and has identified the steps she plans to take to complete service. In allowing that time, the Court has considered Plaintiff's request that it take her eye condition into account. Plaintiff should use this extension to obtain summonses and arrange service.

The Court is sympathetic to Plaintiff's circumstances, but she remains responsible for prosecuting this case. The Court will not extend the service deadline indefinitely. A further request resting on substantially the same reasons is unlikely to be granted. Any such request must identify the steps Plaintiff took to serve the Defendant at issue and explain what prevented her from completing service by the deadline.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion for Extension of Time to Serve Summons and Complaint (Doc. 6) is **GRANTED**. The deadline to serve all Defendants is extended to **December 31, 2026**. Plaintiff must complete service by that date and ensure that proof of service is filed as required by Rule 4(l). Failure to timely serve a Defendant may result in dismissal without prejudice as to that Defendant under Rule 4(m).

**IT IS SO ORDERED**.

Dated November 10, 2026, at Wichita, Kansas.

/s/ Brooks Severson
Brooks G. Severson
United States Magistrate Judge